*Decision will be entered for the petitioner.*

EMPIRE SAFE DEPOSIT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18260, 27341. Promulgated May 27, 1930.

*J. S. Y. Ivins, Esq.*, and *F. E. Youngman, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, and *Frederick K. Slanker, Esq.*, for the respondent.

1140

OPINION.

Smith: The petitioner contends that it was affiliated with and is entitled to file consolidated returns with the Empire Trust Co. for each of the taxable years 1921 and 1923. Section 240(c) of the Revenue Act of 1921 provides that:

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

It is undisputed that the Trust Co. owned outright approximately 80 per cent of petitioner's outstanding stock during each of the taxable years and that practically all of the minority stock was represented at the stockholders' meetings by proxies who voted it in accordance with the Trust Co.'s wishes. The evidence also discloses that the Trust Co. directed, to a large extent, the business affairs of the petitioner; that a majority of the petitioner's directors, officers, and employees were common to both companies, and that the companies maintained a close business relationship. We have often said,

however, that "the test of the statute is ownership or control of substantially all of the stock of all the corporations of the affiliated group by the same 'interests'." *American Auto Trimming Co.*, 6 B. T. A. 1007. "The test laid down by the statute for affiliation, however, is control of the stock by the same or closely affiliated interests." *St. Louis Bridge Co. et al.*, 17 B. T. A. 185. See also *Tunnel Railroad of St. Louis et al.*, 4 B. T. A. 596; *Goldstein Bros. Amusement Co.* v. *White*, 33 Fed. (2d) 787.

It must be admitted that the $79\frac{7}{10}$ per cent of petitioner's stock which the Trust Co. owned directly is not substantially all of petitioner's stock. *D. S. Brandon*, 10 B. T. A. 1118. Did the Trust Co. "control through closely affiliated interests or by a nominee or nominees" the minority stock owned by the Equitable Office Building Corporation? Such control, if it existed, was not based upon any right of ownership, since the Trust Co. owned no stock in the Building Corporation. There was no mutuality of ownership between the companies except through du Pont, who, in 1921, owned approximately 11 per cent of the Trust Co.'s stock and 71 per cent of the Building Corporation's stock. The Trust Co. had no right of control over du Pont or over his stock in the Building Corporation. At the annual stockholders' meetings of the petitioner company substantially all of petitioner's minority stock was represented by proxies who were employees of the Trust Co. and who voted the stock strictly in accordance with the Trust Co.'s wishes. In *Tunnel Railroad of St. Louis et al., supra,* which involved facts similar to these, we said:

Authorization to vote stock by proxy does not effect a separation of the voting power from the ownership of the stock; neither does it constitute a relinquishment by the stockholder of any right of ownership or control of his stock.

In *Central Auto Equipment Co.*, 7 B. T. A. 1068, we said:

* * * The fact that the minority stockholders gave proxies for the voting of their stock is immaterial. As was stated in *Appeal of Tunnel Railroad of St. Louis*, 4 B. T. A. 596:

"The giving of proxy is not a relinquishment by the donor of any of the rights of ownership or control."

This rule we believe is sound and governs in the instant case. It is immaterial that the proxies representing the minority stockholders always voted their stock according to the wishes and instructions of the officers of the Trust Co. This merely indicates a willingness on the part of the minority stockholders to entrust the management of the business affairs of the petitioner to the Trust Co. So far as has been shown the Trust Co. was in no position to demand the right to vote the Building Corporation's stock or to deny the Building Corporation a voice in the management of the petitioner's busi-

ness affairs. The control of a business, however acquired or however complete, is not the control required by the statute for affiliation. *Canyon Lumber Co.,* 1 B. T. A. 473; *Rishell Phonograph Co.,* 2 B. T. A. 229; *Watsontown Brick Co.,* 3 B. T. A. 85; *Adaskin-Tilley Furniture Co.,* 6 B. T. A. 316; *American Auto Trimming Co., supra; News Publishing Co.* v. *Blair,* 29 Fed. (2d) 955; affirming *News Publishing Co.,* 6 B. T. A. 1257; *Goldstein Bros. Amusement Co.* v. *White, supra,* affirming *Goldstein Bros. Amusement Co.,* 3 B. T. A. 408; *Montana Mercantile Co.* v. *Rasmusson,* 28 Fed. (2d) 916; *Commissioner of Internal Revenue* v. *Adolph Hirsch & Co.,* 30 Fed. (2d) 645. In the last named case we said:

\* \* \* The management of the business of the corporation is not the control required by the statute. It refers to stock control. The fact that the minority is acquiescent, and permits the majority to manage the business, does not prove actual control over the minority interest. Nor does a control based upon friendship or professional relations satisfy the statute. The control of the stock owned by the same interest refers to beneficial interest. This meaning is consistent with the purpose of the statute to extend to those subject to the hazard of the enterprise, when they are substantially one and the same, the benefit of the consolidated reports.

In *Ice Service Co.* v. *Commissioner of Internal Revenue,* 30 Fed. (2d) 230, the court said:

\* \* \* Congress has declared that two corporations shall be treated as one for tax purposes, when one corporation owns or controls substantially all the stock of the other, or when substantially all the stock is owned or controlled by the same interests. Judicial interpretation may perhaps limit the statutory language to voting stock, as was held in *Re Temtor Corn, etc., Products Co.* (D. C.) 299 F. 326, affirmed sub. nom. *Schlafly* v. *United States,* 4 F. (2d) 195 (C. C. A. 8) ; but we are not to confuse control of the corporation with control of the stock. The test is not declared to be control of the business or the policies of the subsidiary corporation, but substantial identity of interest in the enterprise. The theory of affiliation, resulting in a consolidated return for taxes, is that the income and invested capital are really the income and capital of a single enterprise, though carried on through the instrumentality of several corporations. See article 631, Treasury Regulations (1920 Ed.) ; Holmes, Fed. Taxes (6th Ed.) 281; *Alameda Inv. Co.* v. *McLaughlin,* 28 F. (2d) 81 (D. C. N. D. Cal.). Only when the outside interest—that is, the interest of the minority—is so small as to be practically negligible, are the two corporations to be treated as in receipt of a single income, requiring a consolidated return.

The views of the court above expressed, as we have declared in *Conley Tin Foil Corporation,* 17 B. T. A. 65, express what we conceive to be the theory of affiliation upon which the statute permits the filing of a consolidated return.

While there is evidence here of considerable informality in the business dealings carried on between the petitioner and the Trust Co., such as the arbitrary changing of rental agreements and alloca-

tion of employees' compensation, it is by no means sufficient to constitute the companies "a single enterprise" or "substantially one and the same." Upon authority of the decisions in the above named cases we hold that the petitioner was not affiliated with the Empire Trust Co. during either of the years 1921 or 1923.

*Judgment will be entered for the respondent.*